## Richmond

IRVIN SAMUEL MILLER V. COMMONWEALTH OF VIRGINIA.

April 22, 1974.

Record No. 730731.

Present, All the Justices.

*G. C. Jennings,* for plaintiff in error.

*Linwood T. Wells, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Irvin Samuel Miller was charged with operating an automobile while under the influence of intoxicants in violation of Code § 18.1-54 (1960 Repl. Vol.). The trial court, sitting without a jury, found Miller guilty and ordered him to pay a fine of $250. We granted Miller a writ of error to consider the sufficiency of the evidence against him.

Patrolman C. G. Thomas of the Town of Saltville was the only witness at trial. He testified that on February 17, 1973, at approximately 2:50 a.m., he observed Miller's automobile, followed it for about 200 yards and turned on the red lights of his patrol car. The Miller vehicle turned into a driveway and stopped. The officer "advised Miller to get out of the car, seeing the condition he was in." Thomas then observed that Miller was unsteady on his feet, his eyes were glassy and his speech was somewhat broken.

· Officer Thomas arrested Miller and advised him that "the law required him to take a blood test." Miller replied, "Talk to my lawyer." Thomas took Miller to police headquarters, where upon questioning

Miller again answered, "Anything you say take to my lawyer." A blood test, to which Miller consented, was not taken in compliance with the law, and the results were accordingly excluded from evidence.

The Attorney General concedes that this case may be controlled by *Clemmer v. Commonwealth*, 208 Va. 661, 159 S.E.2d 664 (1968), but seeks to distinguish it. In *Clemmer*, the evidence showed that the defendant had driven his car off the road and through a fence into a pasture field. After getting out of the vehicle the defendant had walked unsteadily and aimlessly, stuttered when he spoke, and acted belligerently. But a witness testified that, although he had stood within two or three feet of Clemmer, he had not "smell[ed] anything" on the accused. Moreover, the arresting officer was not asked whether he had smelled alcohol on Clemmer or in Clemmer's car. We held that the evidence was insufficient to establish beyond a reasonable doubt that Clemmer had operated his automobile under the influence of intoxicants.

The Attorney General contends that the present case is distinguishable from *Clemmer* because in that case there was positive evidence that the accused had no odor of alcohol, while in the case now before us there was no such evidence. This distinction is insignificant. In *Clemmer* we noted that under Code § 18.1-54 the Commonwealth bears the burden of proving that the accused was driving under the influence of alcohol or other self-administered intoxicant. 208 Va. at 664, 159 S.E.2d at 666. We therefore held that there could be no conviction under the statute unless there was evidence tending to establish the agency responsible for the erratic behavior of the accused. 208 Va. at 664, 159 S.E.2d at 666. In the present case, as in *Clemmer*, the Commonwealth had adduced insufficient evidence to establish that the accused had consumed alcohol. In neither case was there any evidence of alcohol in the possession of the accused or in his vehicle. Indeed, the evidence against Miller was weaker than that against Clemmer, for there was no evidence that Miller had driven dangerously or had engaged in belligerent or aggressive conduct.

The Commonwealth has failed to carry the burden of proving beyond a reasonable doubt that Miller was guilty of the offense with which he was charged. The testimony of the arresting officer was insufficient to show more than mere probability of guilt. Accordingly, the judgment of conviction must be reversed and the case dismissed.

*Reversed and dismissed.*